# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                           1:21-cr-00260-JCH-1

RICHARD CHAVEZ,

    Defendant.

## ORDER DENYING DEFENDANT'S
## MOTION FOR RELEASE PRIOR TO SENTENCING

THIS MATTER is before the Court on defendant Richard Chavez's Opposed Motion to Release Defendant Prior to Sentencing, filed June 24, 2021. Doc. 32. Although the motion states that the United States opposes the motion, the government did not file a response. Nonetheless, the Court will deny Mr. Chavez's motion for the following reasons.

**I.    Background**

Mr. Chavez was arrested on a criminal complaint in December 2020. According to the complaint, Mr. Chavez's mother called the police because Mr. Chavez was holding her and her husband hostage with a rifle in their home. *See* Doc. 1. When Mr. Chavez was arrested, he admitted he had possessed a rifle loaded with a round of ammunition in the chamber and that he previously had been convicted of a felony, but he denied holding his parents hostage. *See id.* at 2. He also admitted that he was a habitual heroin and methamphetamine user. *See id.* When he was booked into custody, Valencia County Detention Facility staff learned that Mr. Chavez was hiding a needle and 63 grams of methamphetamine in his rectal cavity. *Id.* at 3. The criminal complaint charged Mr. Chavez with possession with the intent to distribute a mixture and

substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *Id.* at 1.

The Court held a detention hearing on December 28, 2020. The pretrial services report stated that Mr. Chavez's criminal history began in 2003, when he was 15. *See* Doc. 10. As a juvenile, he was charged with several serious felonies and adjudicated delinquent. *See id.* As an adult, he has been convicted of disorderly conduct (a misdemeanor), possession of a controlled substance (a felony), aggravated fleeing from a law enforcement officer (a felony), and destruction of public parks (a misdemeanor). *See id.* Mr. Chavez has been charged twice with violating a protection or restraining order, and also of making harassing or offending telephone calls and using a telephone to offend, terrify, intimidate, or harass someone. *See id.* He has failed to appear in court six times since 2009, and he committed four drug court violations before finally completing the drug court program in 2015. *See id.* Judge Ritter detained Mr. Chavez as both a flight risk and a danger to the community. Doc. 15 at 2. Judge Ritter based his findings on the following factors: the weight of the evidence against Mr. Chavez was strong; he was subject to a lengthy period of incarceration if convicted; his prior criminal history; his history of violence or use of weapons; his history of alcohol or substance abuse; his lack of stable employment; his prior failures to appear in court as ordered; his prior attempts to evade law enforcement; and his prior violations of probation, parole, or supervised release. *Id.* at 2–3.

On March 12, 2021, a federal grand jury returned a single-count indictment against Mr. Chavez charging him with possession with intent to distribute five grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Doc. 19. On June 15, 2021, Mr. Chavez pled guilty to that charge and agreed in his plea agreement that 60 months of imprisonment was the appropriate sentence. Doc. 30 at 5; Doc. 31. Shortly thereafter, Mr.

Chavez filed this motion, asking to be released pending sentencing to the third-party custody of his mother because his father is terminally ill, and his mother needs his assistance. *See* Doc. 32.

II.     **Analysis**

Once a person has been found guilty of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 18 U.S.C. § 3142(f)(1)(C), and is awaiting imposition of a sentence, the Court "shall order" that the person be detained *unless* there is a substantial likelihood that a motion for acquittal or new trial will be granted or the government attorney has recommended that the Court not impose a sentence of imprisonment, *and* "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). The only exception is if "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Even if exceptional reasons exist, however, the Court still must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *See* 18 U.S.C. §§ 3143(a)(1), 3145(c).

In this case, Mr. Chavez has made no effort to show that anything has changed (other than perhaps his father's health) since he was detained last December. His motion for release does not address why the Court should overlook or excuse Mr. Chavez's past crimes, violence and use of weapons, substance abuse, lack of stable employment, failures to appear, attempts to evade law enforcement, and violations of supervision.[1] The Court has no facts from which it could find by clear and convincing evidence that Mr. Chavez is not likely to flee or pose a risk of

---

[1] Mr. Chavez also fails to state the position of pretrial services as required by our local rules. D.N.M.LR-Cr. 47.3 ("A motion regarding the conditions of release or detention must state the position of Pretrial Services.").

3

danger to any other person. Thus, even if the Court were to find that Mr. Chavez's familial circumstances constituted exceptional reasons why Mr. Chavez's detention is not appropriate, he still poses a risk of nonappearance and is a danger to the community. Mr. Chavez is not eligible for release pending sentencing.

### III. Conclusion

**IT IS THEREFORE ORDERED** that defendant Richard Chavez's Opposed Motion to Release Defendant Prior to Sentencing (Doc. 32) is **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE